PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE _Southern_ DISTRICT OF TEXAS
### _of Galveston_ DIVISION
### "Jurry"

United States Courts
Southern District of Texas
FILED

JAN 29 2019

~~David J. Bradley, Clerk of Court~~

_John David Kennemer 2197180_
Plaintiff's Name and ID Number

_Ramsey Unit TDCJ_
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

_Reneka M. Drury 59 Darrington Rd Rosharon TX 77583_
Defendant's Name and Address

_Shawn M. Wittig 59 Darrington Rd Rosharon TX 77583_
Defendant's Name and Address

_Bruce Armstrong 59 Darrington Rd Rosharon TX 77583_
Defendant's Name and Address
( DO NOT USE "ET AL.")

_Complaint with Jury Demand_

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

_# X_
_1 of 29_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION
"Jury"

John David Kennemer 2197180 1100 FM 655 Rosharon TX 77583

V.

Frederick L. Gordon 59 Darrington Rd. Rosharon TX 77583
Defendants Name and Address
Kurtis D. Phair 59 Darrington Rd. Rosharon TX 77583
Defendants Name and Address
Joe Klinkousky III 59 Darrington Rd Rosharon TX 77583
Defendants Name and Address
Charlotten McKnight 59 Darrington Rd Rosharon TX 77583
Defendants Name and Address
Anne R Reynolds 59 Darrington Rd Rosharon TX 77583
Defendants Name and Address
AyINDE ADETAYO 59 Darrington Rd Rosharon TX 77583
Defendants NAME and Address
IBRAHIM Dumbuya 59 Darrington Rd Rosharon TX 77583
Defendants Name and Address
Shemeka S. Douglas 59 Darrington Rd Rosharon TX 77583
Danielle Wilcox 59 Darrington Rd Rosharon TX 77583
Defendants Name and Address
Adam M Gonzales 59 Darrington Rd Rosharon TX 77583
Defendants Name and Address
Justin C. Opara 59 Darrington Rd Rosharon TX 77583
Steve Massie 59 Darrington Rd Rosharon TX 77583
Defendants Name AND Address

page 2 of 29

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: *October 4th 2019*

        2.  Parties to previous lawsuit:

            Plaintiff(s) *John David Hennena*

            Defendant(s) *Bryan Collier et al*

        3.  Court: (If federal, name the district; if state, name the county.) *Southern District Galveston Division*

        4.  Cause number: *Civil Action 3:19-cv-00335*

        5.  Name of judge to whom case was assigned: *I am not sure*

        6.  Disposition: (Was the case dismissed, appealed, still pending?) *still pending*

        7.  Approximate date of disposition: *still pending*

*3 of 29*      *2*

# I   PREVIOUS LAWSUITS:

A. Have you filed any other lawsuit in state or Federal Court relating to your imprisonment? Yes

1. Approximate date of Filing lawsuit: On or about January 22nd 2020

2. Parties to previous lawsuit
   plaintiff $   John David Kenneras
   Defendant   Parker County Et al

3. The Court :   Northern District of Texas Fort Worth Division

4. Cause number:  I do not know yet

5. Name of Judge to whom case was assigned: I do not know yet.

6. Disposition:  still pending

7. Approximate date of disposition:  still pending

page 4 of 29

II.    PLACE OF PRESENT CONFINEMENT: _Ramsey Unit 1100 FM 655 Rosharon tx 77583_

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?        ✓ YES  ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.
_See Attached Exibit "A" p. 20_

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _John David Kennemer 1100 FM 655 Rosharon_
_Texas 77583_

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _Reneka M Danzy / sergeant over the trustee Camp For_
_TDCJ Darrington Unit 59 Darrington Road Rosharon TX 77583_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Reneka M. Danzy is not being sued in her official capacity (cont. on p. 6)_

Defendant #2: _Shawn M wittig / supervisor For Farm operation TDCJ_
_Darrington Unit 59 Darrington Road Rosharon TX 77583_
Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_Shawn M. wittig is not being sued in his official capacity (cont. on p. 6)_

Defendant #3: _Bruce Armstrong / warden of Darrington TDCJ_
_59 Darrington Road Rosharon Texas 77583_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Bruce Armstrong is not being sued in his official capacity (cont. on p. 6)_

Defendant #4: _Frederick L. Gooden / Major TDCJ Darrington Unit_
_59 Darrington Road Rosharon TX 77583_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Frederick L. Gooden is not being sued in his official capacity (cont. p. 7)_

Defendant #5: _Kurtis D. Pharr / Major TDCJ Darrington Unit_
_59 Darrington Rd Rosharon TX 77583_
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Kurtis D. Pharr is not being sued in his official capacity (cont. p. 7)_

_5 of 29_   ➝

Court Copy 1 of 7

IV. cont. PARTIES TO THIS SUIT:

B.

- Briefly describe the act(s) or omission(s) of the defendant which you claim harmed you.

Defendant #1 (cont. from previous page) She refused to follow the policy of TDCJ concerning Drinking water being provided to 300 inmates. Reacha M. Davey acted in her own individual capacity putting the lives of the Trustee Camp Inmates in Danger of death or serious injury by not providing drinking water for them on ~~[illegible]~~ 8/10/19, 8/11/19, 8/17/19 and 8/18/19. She put my life in danger of death and injury also.

She cannot be sued in her Official capacity because TDCJ does not condone putting the lives of inmates in Danger by not providing them Drinking water during periods of excessive heat. (See "Seasonal Preparedness Directive - March 2019") Exhibit "B"

- Briefly describe the acts or omissions of this defendant which you claim harmed you.

Defendant #2 (cont. from previous page) Shawn M. Wittig refused to follow the policy of TDCJ concerning Drinking water being provided to the farm workers (40+ men). Shawn Wittig acted in his own individual capacity putting the lives of the farm working Inmates in Danger of death or serious injury by not providing drinking water for us on 8/24/19, 8/25/19, 8/26/19, 8/27/19, 8/28/19, and 8/29/19 when heat index was over 102° each day. he put my life in danger during those times and days.

Shawn Wittig cannot be sued in his official capacity because TDCJ does not condone putting the lives of inmates in Danger by not providing them Drinking water during periods of excessive heat. (See "Seasonal Preparedness Directive - March 2019") Exhibit "B"

- Briefly describe the acts or omissions of this defendant which you claim harmed you.

Defendant #3 (cont. from previous page) Bruce Armstrong was mailed "notice of No water" on 8/12/19, 8/19/19, 9/20/19, 9/30/19 and one other date. 5 different times, 5 different letters mailed to him via U.S. mail.

Bruse Armstrong on 9/23/19 was picking an inmate up off the ground after he had a heat stroke. (Victor Gutierrez). Bruse Armstrong had direct knowledge of the water problems on the Trustee camp. It came to the Camp more than

IV cont.                    Parties To THIS Suit

Defendant #3 (cont from previous page warden Armstrong) have to
look in the codes and found them empty of water,
Because Armstrong can not be sued in his official capacity
because his actions were not those of a warden acting under
the Policy of TDCJ.
He showed deliberate indifference to the most basic of human
needs to sustain life. water is required for human life,
Brice Armstrong acted against TDCJ policy and put the
lives of 300 inmates in danger of death or injury."
(see Seasonal Preparedness Directive - March 2019") J Exhibit "B
He put my life in danger of death or injury.

—— Briefly describe the acts or omissions of this defendant
Which you claimed harmed you;

Defendant #4 Frederick L. Gooden had first hand knowledge
of the lack of water being given to the inmates of the Truske Camp.
He received more than 2 notices of no water "of Truck mear"
Cout mail. On 11/5/19, I personally told him we had been
without water all night long while on "lock down." We
were provided 1.0 gallon container of drinking water for 87 men,
This is about 12 ounces of water per man, in a 24 hour period.
He had the authority to have 100s of gallons of water provided
to us,

Frederick Gooden cannot be sued in his official capacity
while refusing to follow TDCJ policy, TDCJ can not be
held responsible for his actions unless they docked him in Court.
Frederick L. Gooden put my life and the life of others in danger
by not providing the most basic human need for life, water.

—— Briefly describe the acts or omissions of this defendant

Const copy
3 of

# PARTIES TO THIS SUIT:

IX. cont

<u>Defendant #5</u> (cont. from previous page 5) (Kurtis O Pharr) "The Texas Department of Criminal Justice (TDCJ) is committed to ensuring every reasonable effort is made to prevent injuries related to excessive and extreme temperatures." (see first line of Seasonal Preparedness Directive - March 2019)

After seeing a man have a heat stroke in front of him, Kurtis O Pharr continued to put the lives of others in danger by not providing them with Drinking water.

Endangering the lives of other is a criminal offence in the state of Texas. Kurtis O Pharr cannot be sued in his official capacity because the State of Texas does not condone its employees committing a criminal act. He could not be working and committing a crime at the same time.

<u>Defendant #6</u>  Joe Klinkowsky III / Farm manager  Darrington Unit 59 Darrington Rd  Rosharon Texas 77583
- <u>Briefly describe the acts or omissions of this defendant which you claimed harmed you.</u>

Mr. Klinkowsky had direct knowledge (through his eyes) that the farm workers of the Darrington Unit Trustee Camp were being forced to work without Drinking water on 8/24/19, 8/25/19, 8/26/19, 8/27/19, 8/28/19, and 8/29/19 when heat indexes remained above 102°.

When the Ice machine broke at the farm shop it was not reported to the warden or Region III Director.

Deliberate Indifference was shown by Joe Klinkowsky as he recklessly Endangered the lives of The Inmates that work for him. Joe Klinkowsky cannot be sued in his official capacity for committing a crime of Endangering the lives of others Forcing them to work without water.
Joe Klinkowsky turned a blind eye to the Policys of TDCJ. Joe Klinkowsky put my life in danger of death and injury by not following these policies.

<u>Defendant #7</u>  Charlotten McKnight / Lt. of Trustee Camp 59 Darrington Rd Rosharon Texas 77583
- Briefly describe the acts or omissions of this defendant which you claim harmed you. (cont. on next page)



# PARTIES TO THIS SUIT:

**IV** (cont)

**Defendant #7** (cont from previous page8) Charlottes McKnight was responsible as the head supervisor of The Trustee camp of caring 90% of the reckless indeference to the shortage of Drinking water. She had 100% knowledge that inmates were becoming sick because of no drinking water being supplied. She had the power with her rank to fix the problem and chose not to.

She endangered the lives of Inmates by not providing us with the most basic human need of water. Her office was at the Trustee camp. She saw us almost every day. She heard the crys of her inmates for drinking water and she did nothing to change the problem.

Charlotten McKnight can not be sued in her official capacity because her actions went against the policys of TDCJ. She committed a criminal act of Endangering the lives of others.

**Defendant #8** ANNE R. Reynolds / sergeant over Trustee Camp For TDCJ Darrington Unit 59 Darrington Road Rosharon TX 77583.
— Briefly describe the acts or omissions of this defendant which you claimed harmed you.

This policy of TDCJ was not followed by ANNE R. Reynolds
" Coordinate with Maintenance and Food Service when necessary to ensure additional water, including ice, is provided to staff and offenders in work areas and encourage high water intake throughout the day during periods of excessive heat." ( p.3 First paragraph Seasonal Preparedness Directive - March 2019) p. 25 Exibit B

She endangered the lives of inmates by refusing to follow TDCJ Policy.

She endangered my life with the lifes of others. This was a criminal act under the laws in the state of Texas and TDCJ should not indemnify or hold harmless any employee who acts against the laws of This state.

VI (cont.)

PARTIES TO THIS SUIT:

Defendant #9 ADETAYO AVINDE / C.O. III Dem. Court
59 Darrington Road Rosharon Texas 77583
— Briefly describe the acts or omissions of this defendant
which you claimed harmed you.
On 9/14/19 at 6:36 a.m. She threatened me with a major
disciplinary case of "Threatening an officer" (on the same
reg as escape) after asking her for water.
She caused injury to me that day. I felt dizzy and
like I was drunk. I was in fear to ask for outside
help at around 7:00am sergeant Gonzales came in
and I ask him for water.

ADETAYO AVINDE put my life in danger along with the
lives of the inmates in Exhibit "C", also the
witnesses in this complaint.
ADETAYO AVINDE is being sued in her individual capacity
for Endangering the lives of others.
She cannot be sued in her official capacity because
She was not acting as a TDCJ Employee is required to
act.

Defendant #10 IBRAHIM Dumbuya/ Sergeant of the
Darrington Unit Truste camp 59 Darrington Rd Rosharon
Texas 77583
— Briefly describe the acts or omissions of this
defendant which you claimed harmed you.
He failed to follow the TDCJ Policy Tad State
"water and cups must be available at all times
To include during meal times." (Page 3 of 4 Seasonal
Preparedness Directive – March 2019) EXHIBIT "B"
From August 2018 until November of 2018 this Policy
was not followed. The paper I have will not and allow
me to sight every date and time of this "Continuing
Harm, but I can provide it to the court.
I am sure TDCJ does not condone Endangerment
of life so he could not have been acting in his official
capacity.

IV (Cont'd)

## PARTIES TO THIS SUIT:

Defendant #11 Shameka S. Douglas/ Sergeant Trustee Camp Dominguez Unit 5ª Darrington Rd., Rosharon TX 77583
- Briefly describe the acts of omissions of this defendant which you claimed harmed you.

At 8:13 a.m. Sergeant Douglas put my life in danger by refusing to provide drinking water for me over my fellow inmates while on lock down.
She caused injury to me by making me feel dizzy and sick to my stomach. I felt drunk.
There was no announcement On 11/6/19, No cold shower, etc we were on lock down.

On 11/7/19 a notice of no water was seen again to the inmates and rules.

Mrs Douglas did not follow TDCJ policy of "Water and Ice must be available at all times, to include during meal times." (Page 30 of Seasonal Preparedness Doctrine March 2019) Flat under about 1030 P.35 Exhb B

Defendant #12 Danielly Wilcox/ Lt of Trustee camp
5a Darrington Road Rosharon TX 77583
- Briefly describe the acts or omissions of this defendant which you claimed harmed you.

Lt. Danielly Wilcox Took A Charleton Materials position as Head Supervisor of the Trustee Camp around October of 2019.

On 11/6/19 I told Mrs Wilcox through the window that we had no water in Idorm, I later saw Lt Wilcox in the visitation area, and told her we still had no water. She said "I was made aware that the Assistan Warden Steve Massie was about the problem with water."

Danielly and Lex Wilcox put my life in danger by depriving us water on 11/8/19.
She was not acting in her official capacity. She committed a crime against the State of Texas by putting the lives of inmates in danger of death or injury.

must be available at all times, to include during meal times." This was continuing harm on 11/6/19 was one specific day. Exhibit B

Of every that Sergeant Gonzales acted in his own C.O. capacity, and ignored TDCJ policy while putting our life in charge will not one of the not basic human needs. C.O. Fisher contacted Sergeant Gonzales at 7:00 am on 11/6/19 and informed him there was no drinking water in I Dorm. We were on lock down with out water periods.

## Defendant #4 Justin C Oparil C.O.I Rove for Trusty Camp 39 Darrington Rd, Rosharon Texas 77583

Briefly describe the acts or omissions of this defendant which you claimed harmed you; Mr. Opara was the rover on the truste Camp, One of his jobs during lock down was to bring each Dorm, ICE WATER, He knew we had no way to get the cold drinking water we had no way to go for many hours with out any water. C.O. Opara was reckless & indefrent to our human need for drinking water on 11/5, 11/6, 11/7, and 11/9/2019. These are just some of the many days he endangered my life and the lives of others. He acted in his personal capacity, comitting a Criminal act of endangering the lives of others.

## Defendant #5 Steve Massie / Ass stant director of Region III 59 Darrington Rd, Rosharon Texas 77583

Mr Massie endangered the lives of the inmates at the Darrington Truste camp by not replacing the water fountain He had knowledge of them not working.
Mr Massie put my life in danger with lack of Drinking water.

Page 12 OF 29

V.      STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Jurisdiction: The action by the defendants happened at the Darrington Unit of the Texas Department of Criminal Justice in Brazoria County. The defendants in this complaint all work or live on the Darrington Unit Property. The Southern District of Texas Galveston Division has Jurisdiction in this case.

These defendants acted under the color of law and deprived inmates of the most basic human need of Drinking water. Let us define "drinking water" and draw a line now between "Drinking water" and "water". (cont. on p.14)

VI.     RELIEF:

State briefly exactly what you want the court to do for you,   Make no legal arguments.  Cite no cases or statutes. Trial by Jury on the issues triable

1.) The actions of defendants Pansy; Wittig, Ayinde, Opara, Gonzales, Douglas, Wilcox, Klinkowsky, Reynolds, (cont. on p.17)

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

John David Kennever, John Kennever, David Kennever

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

219 7180 TDC#  I do not know anymore.

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____

2.   Case number: _____

3.  Approximate date sanctions were imposed: _____

4.  Have the sanctions been lifted or otherwise satisfied?                    ____YES  ____NO

Rev. 05/15

## Statement of Claim: (cont)

1.) "Water can be found all over the club." The slabs inside Bathrooms, the toilets, the showers,) or the puddle of standing water outside, All of which contain water. None of these should be considered Sources of "Drinking water."

"Drinking water" Comes from a Sanitary Source (free from bacteria) The Toilets, the showers and the sinks may have drinking water in the pipes that supply the fixtures, but the fixtures are no intended to be drink from. The water is no longer sanitary once it flows out of the fixture.

The water in creeks, rivers, and streams can be drink, but the Source is not Sanitary, so it is not considered "drinking water." The Source of the water is field or silt may be elevated with bleach or rubbing alcohol and become Sanitary, but the moment Someone uses the fixture for its intended purpose It be comes unsanitary. The toilet Someone urinates in or the Sink Someone Spits in while brushing their teeth, or the Shower head that Sprays change their treats over to drip dry. A Source that "think" has water comes from (water fountain or water cooler.) is used for flushing waste only. No-Body brushes their teeth and spits in a water fountain. Nobody washes their hands in a water fountain after using the bathroom. A water fountain is sanitary every time it is used, A water cooler is sanitary every time it is used. (I'll always clean/cleaning) "Drinking water" Comes from fixtures that are not used for anything else.

Mr woods (TDCJ Engineer who fed the water) was a Plumber to Sanitize an outside hose bib before he takes a sample the water. The head from the field fills the backside of the washer. At the time he takes a sample the water is "Drinking water." The second you screw a water hose on the faucet hose bib. It is no-longer sanitary and it is no-longer drinking water." I had to make this point clear from the start to show the Court from having the defendant argue that none of its "drinking water." everywhere on the club, water is everywhere but none of its "drinking water."

V.
2019
'5

**STATEMENT OF CLAIM cont.**

2.) On these dates listed the defendants deprived us of drinking water. 8/12/19, 8/11/19, 8/10/19, 8/8/19 8/8/19 Sgt Davis, Lt McKnight, C.O. Ohio, 8/8/19 nature of no water racked to Louder Armstrong(pro notice.) nature of no water set to Major Plair or Major Goodman Garden.

Heat index on the above days over 102°.

3.) 8/24/19, 8/25/19, 8/23/19, 8/21/19 8/28/19 8/30/19 Shawn M Smith and See Khukoswky III made over 40 Farm workers work without water. Please see Exhibit "a"

These are over 100 witnesses to these actions.

4.) 9/4/19, 9/10/19, 9/13/19, 9/14/19 9/15/19 9/18/19, Sgt Gonzales, Judith Armstrong, Lt McKnight were directly involved in refusing to give us water. Heat index was over 102° each day.

5.) 9/23/19 Water Officers had a heat stroke in front of Major Pharr, Warden Armstrong, and Assistant Warden (not named in this suit)

6.) 9/23/19 The warden saw the water cooler empty at the same I watched him check them.

7.) 9/26/19, 9/28/19, 9/30/19: Nature of no water set To the wardens and Major. At Mcknight and Judy open, 8.) The above dates are just some of the days we sued without water. The First 14 defendants had direct control over our water during those dates.

9.) On 11/5/19, 11/6/19, 11/7/19, 11/8/19, At collect had direct control over our water during those dates. Bund Sgt. Douglas, and Major Goodman, Sgt Gonzales Bund C.O. Ohio Denied us buy water on lock down.

10.) Steve Massie Region III Assistant Director Had full Knowledge that the water fountains was not working in our dorm but had not worked for over 1 year. Steve Massie had direct knowledge that the ICE Machine in the kitchen was not working.

11.) All 15 defendants endangered the lives of Human beings by depriving them of one of our most base needs which is water.

4.) 11 15 defendants caused to continuous injury to me each at least 3 times I felt dizzy, disoriented and drunk.

Page 16 of 29
date

## STATEMENT OF CLAIM (Cont)

11. (cont) (From previous page.) "The injury sustained by being "constructively deprived of Drinking water is unknown by me. When the human body starts to become sick due to dehydration, brain cells die, organs are punished, the body is hurt, and injury is certain. Now the question is how many days of my life have been lost due to the injury; THIS is for Doctors, this Court, and a jury to decide.

12.) All the defendants, or any single one of them, had the authority with their rank to supply more than enough drinking water for us. With some ICE machines broken the Main building still had plenty of ICE to support the Truster Camp. If All the ICE machines were down at once, at Darrington, The carts around Darrington had plenty of ICE to support Darrington.
The Truth of the fact is that if one of the defendants had to go out of his way to supply us with Drinking water, we were told there was no ICE.

12.) When Steve Massie had a chance to buy water fountains for the Truster Camp, he did not.

13.) when Warden Binge Armstrong had a chance to buy new water fountains, he did not.

14.) The injunctive power of this claim should not be moot upon my transfer to other units. I will always (For the next 8 years) be subject to a transfer back to Darrington.

15.) The injunctive powers of this claim should not be moot upon my parole. I will still be under the supervision of TDCJ and the chances (according to TDCJ) of my return are "high." I could be subject to be moved back to Darrington if I come back on a parole violation. The only way these injunctive powers should be moot is if the Board of Pardons and Paroles) Pardon me for the remainder of my sentence.

16.) This has been a continuing harm/ continuing injury From about August 1st 2019 to November 15th 2019. (the date of my move to Ramsey.

17.) The warden of Ramsey follows the policy of TDCJ, "She has a cost Drinking water program. Please see Exibit "O." I have not been without Drinking water on this Unit to

# VI   RELIEF:

## Claims

1. (cont from previous page) in depriving us of Drinking water or in failing to intervene to prevent Dehydration were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

2.) The actions of defendants Danzy, Wittig, Ayinde, Opara, Gonzales, Douglas, Wilcox, Klinkowsky, and Reynolds in Endangering the lives of others and the plaintiff without need is a Crime in the state of Texas.

3.) The failure of defendants Armstrong, Gooden, Pharr, and Massie to take disciplinary or other action to curb the Known pattern of dehydration by the guards not providing water, Constituted deliberate indifference to the plaintiff's and other prisoners' safty and contributed to and proximately caused the above-described violation of Eighth Amendment rights and Endangerment of life.

## RELIEF

A. Issue a declaratory judment stating that:

1. In depriving the plaintiff of a basic human need of Drinking water, The defendants violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted Endangerment of Life under State Law.

2. Defendants Armstrong, Gooden, Pharr's Failure to take action to curb the deprivation of Drinking water to prisoners violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted Endangerment of life under state Law.

B. Issue an injunction ordering defendants Armstrong, Gooden, and Pharr or their agents to:

1.) Immediately comply with TDCJ policy concerning Drinking water for inmates.

2.) Immediately comply with "Seasonal Preparedness Directive - March 2018" to it's fullest reach.

C. Issue an injunction ording defendant Steve Massie to replace all water fountains on the Trustee Camp with new ones.

page 17 of 29

## VI cont.                    RELIEF:      cont.

C. (cont)

2.) Issue an injunction ordering defendant Steve Massie to Replace the ICE Machine in the Trustee Camp Kitchen. (It is old, parts are hard to find)

D.) Award comp compensatory damage in the following amounts:

1.) $100,000 jointly and severally against defendants Reneka M Dauzy and Shawn M wittig for the physical and emotional injuries sustained as a result of the plaintiffs deprivation of drinking water.

2.) $10,000 jointly and severally against defendants Armstrong, Pharr, and Gooden for the physical and emotional injuries sustained as a result of the plaintiffs deprivation of drinking water.

3.) $2,000 jointly and severally against defendants Klinkovsky, Reynolds, McKnight, Wilcox, Gonzales, Opara, Massie, and Dumbuya for the physical and emotional injuries sustained as a result of the plaintiffs deprivation of drinking water.

~~$.$~~

E. Award punitive damages in the folling amounts:

1.) $5,000.00 each against defendants Amstrong, Pharr, and Gooden.

2.) $2,000.00 each against defendant ADETAYO Ayinde

3.) $500.00 each against defendants Klinkovsky, McKnight, Reynolds, Dumbuya, Douglas, Wilcox, Gonzales, Opara and Massie.

F. Grant such other relief as it may appear that plaintiff is entitled including court cost and Attorney Fees.

C. Has any court ever warned or notified you that sanctions could be imposed?  ____ YES  ✗ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____

    2. Case number: _____

    3. Approximate date warning was issued: _____

Executed on: _1-27-20_  
          DATE

                                 _John David Kennever Pro Se_  
                                       (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _27TH_ day of _January_, 20_20_.  
         (Day)              (month)          (year)

                                 _John David Kennever Pro Se_  
                                       (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

_page 19 of 20 B_